UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BILLY WAYNE CIGGS, JR., | ) | EDCV 06-1133 SVW (JC) |
| Petitioner, | ) | |
| | ) | ORDER ADOPTING-IN-PART THE |
| v. | ) | FINDINGS, CONCLUSIONS, AND |
| | ) | RECOMMENDATIONS OF UNITED STATES |
| THOMAS FELKER, Warden, | ) | MAGISTRATE JUDGE, AND GRANTING THE |
| | ) | PETITION FOR WRIT OF HABEAS CORPUS |
| Respondent. | ) | |

Pursuant to 28 U.S.C. section 636, the Court has reviewed the Petition, all of the records herein and the attached Report and Recommendation of United States Magistrate Judge.  The Court approves and adopts the Magistrate Judge's Report and Recommendation in part. The Court fully concurs with the Magistrate Judge's discussion and analysis relating to the (1) bifurcation of trial, (2) admission of hearsay evidence, and (3) imposition of consecutive sentences.  The Court disagrees, however, with respect to the imposition of an upper-

term sentence as to Count 2 (assault with a firearm).  Finally, although the Court agrees with the Magistrate Judge's conclusion regarding the imposition of an upper-term sentence as to the firearm enhancement on Count 2, the Court wishes to supplement the Magistrate Judge's analysis of this issue.

**I.**   **Upper-Term Sentence on Count 2**

The Court agrees with and adopts the Magistrate Judge's summary of the applicable law regarding upper-term sentencing.  See generally Cunningham v. California, 549 U.S. 270, 127 S.Ct. 856, 166 L.Ed.2d 856 (2007); United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005); Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004); Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

However, contrary to the Magistrate Judge's analysis, the Court concludes that there are "grave doubts" regarding whether the jury would have concluded beyond a reasonable doubt that the victims of Petitioner's crime were "particularly vulnerable."  See Butler v. Curry, 528 F.3d 624, 648 (9th Cir. 2008) (applying harmless error standard of Brecht v. Abrahamson, 507 U.S. 619, 113 S.Ct. 1710 (1993), to determine whether to grant writ of habeas corpus based on state courts' sentencing error).  Accordingly, the Court concludes that the state courts' unreasonable application of the Sixth Amendment was not harmless error, and the action must be remanded to the state trial court for resentencing.

**A.**   **"Particularly Vulnerable Victim"**

The trial court imposed an upper-term sentence of four years with respect to Count 2, assault with a firearm under Cal. Penal Code §

245(a)(2).  The court explained that "[t]he victim in this particular case was particularly vulnerable; this particular victim, sitting in a private car."  (RT 553.)

One of California's aggravating sentencing factors is whether "[t]he victim was particularly vulnerable."  Cal. R. Ct. 4.421(a)(3). The Ninth Circuit thoroughly explored the contours of this sentencing factor in <u>Butler</u>.  In that case, the petitioner had been convicted of domestic assault and battery.  The state trial court had imposed an upper-term sentence on the ground that the victim was particularly vulnerable because "she was attacked from behind."  <u>Butler</u>, 528 F.3d at 649.  The Ninth Circuit held that the trial court's factual finding, although it was a permissible **legal** interpretation of the "vulnerable victim" rule, was not a harmless sentencing error because there were "grave doubts" that a jury would have reached the same conclusion beyond a reasonable doubt.  <u>Id.</u> at 650 & n.19.

In reaching its conclusion in <u>Butler</u>, the Ninth Circuit summarized the applicable rules of state law.  The Court agrees with the Ninth Circuit's summary:

> Under California law, vulnerable means "'defenseless, unguarded, unprotected, accessible, assailable, one who is susceptible to the defendant's criminal act.'" *People v. Weaver*, 149 Cal.App.4th 1301, 58 Cal.Rptr.3d 18, 27 (2007) (quoting *People v. Smith*, 94 Cal.App.3d 433, 156 Cal.Rptr. 502, 503 (1979)). A victim is "particularly" vulnerable only if he is vulnerable to a "special or unusual degree, to an extent greater than in other cases." *People v. Loudermilk*, 195 Cal.App.3d 996, 241 Cal.Rptr. 208, 214 (1987). A victim is thus not "particularly" vulnerable where all victims of the crime of conviction are vulnerable in the same manner. *See People v. Bloom*, 142 Cal.App.3d 310, 190 Cal.Rptr. 857, 865 (1983) (stating that "[a]ll victims of drunk drivers are 'vulnerable victims'"). . . .
>
> In the overwhelming majority of cases, "particularly vulnerable victims" have had inherent personal characteristics that, sometimes in combination with the manner in which the crime was committed, render them more vulnerable than other victims. *See, e.g.*, *People v. Bishop*, 158 Cal.App.3d 373, 204 Cal.Rptr.

502, 505 (1984) (victims were very young and of small stature); *People v. McGlothin*, 67 Cal.App.4th 468, 79 Cal.Rptr.2d 83, 87 (1998) (the victims were particularly vulnerable because they were elderly and were attacked in a parking lot late at night); *People v. Karsai*, 182 Cal.Rptr. 406, 416, 182 Cal.Rptr. 406 (Immigration and Nationality Act, § 208(d)(6), 8 U.S.C.A. § 1158(d)(6).1982) (victim was young and physically weak); *id.* ("While age and physical traits are not the only factors which may indicate particular vulnerability, they are the most obvious.").

The California courts have in a few cases relied on aspects of the status of the victim that are more changeable than age or physical frailty, but have done so only when the victim was seriously, if only temporarily, incapacitated. *People v. Hoover*, 77 Cal.App.4th 1020, 92 Cal.Rptr.2d 208, 215-16 (2000) (extremely intoxicated victim in domestic violence case); *People v. White*, 117 Cal.App.3d 270, 172 Cal.Rptr. 612, 618 (1981) (shooting a victim already incapacitated from earlier gunshot), *abrogated on other grounds by People v. Scott*, 9 Cal.4th 331, 353 n. 16, 36 Cal.Rptr.2d 627, 885 P.2d 1040 (1994); *Loudermilk*, 241 Cal.Rptr. at 214 (sleeping victim); *Smith*, 156 Cal.Rptr. at 503 (sleeping victims).

*Butler*, 528 F.3d at 649-50.

In light of those authorities, the Court is left with "grave doubts" as to whether the jury would have concluded beyond a reasonable doubt that the victims of Petitioner's crime were "particularly vulnerable." A jury **might** agree with the Magistrate Judge's conclusion that the victims "were effectively trapped in a car heading the wrong direction in a cul de sac, and were defenseless and at the mercy of the shooter, *i.e.*, petitioner." (R&R at 24.) However, a jury might have concluded that the victims were **not** "vulnerable to a 'special or unusual degree, to an extent greater than in other cases.'" *Butler*, 528 F.3d at 649 (quoting *Loudermilk*, 195 Cal.App.3d 996, 241 Cal.Rptr. 208, 214 (1987)). Instead, the jury might reasonably have concluded that the victims of Petitioner's crime were "vulnerable in the same manner" as "all victims of the crime" of assault with a firearm. *Id.* (citing *People v. Bloom*, 142 Cal.App.3d 310, 190 Cal.Rptr. 857, 865 (1983)). In fact, the jury might have reasonably concluded that the

victims were **less** vulnerable than other victims of assault with a firearm, given that the victims in this case were sitting inside a car and were protected from Petitioner's bullets by a protective layer of sheet metal.

Petitioner's case is distinguishable from the two most readily-identifiable California cases involving gun-crime victims who were driving their cars at the time of the crime.  In <u>People v. Eades</u>, 95 Cal. App. 3d 688, 690, 157 Cal. Rptr. 223 (1979), the victim was "particularly vulnerable" where he was driving his vehicle while the defendant was in the back seat, the victim was shot by the defendant from behind at "point-blank range," and the victim was unaware that the defendant even had a gun.  The court explained that the circumstances of the crime left the victim with no opportunity to defend himself, thus rendering him "particularly vulnerable."  <u>Id.</u>  Similarly, in <u>People v. Webber</u>, 228 Cal. App. 3d 1146, 279 Cal. Rptr. 437 (1991), the victim was a "particularly vulnerable" victim of false imprisonment because he was driving his manual-transmission vehicle on city streets at the defendant's gunpoint.  The court explained that the defendant's conduct placed the victim at a significant risk of getting into a car accident; alternatively, the court explained that the police might have viewed the victim as being an accomplice to the defendant's crime, which placed the victim at the risk of being placed in a car chase or other attack by police.  <u>Id.</u> at 1170.

In the present case, a reasonable jury could conclude that the victims of Petitioner's crime were not "particularly vulnerable" because they were able to drive away from the crime and were protected by a layer of sheet metal (i.e., their car).  Unlike the victims in

<u>Eades</u> and <u>Webber</u>, the victims of Petitioner's crime were not trapped in an enclosed area with Petitioner, and were not rendered completely helpless to protect themselves from Petitioner's gunshots.  The Court therefore concludes that there are "grave doubts" regarding the trial court's decision to impose an upper-term sentence with respect to Count 2.

**B.  Alternative Grounds for the Upper-Term Sentence**

In addition to the "particularly vulnerable victim" finding, the trial judge appears to have provided alternative grounds for imposing an upper-term sentence with respect to Count 2.  The trial court explained that "[t]he defendant didn't even know the victims.  He just shot at them apparently for fun because it was for the benefit of his gang.  So because of that and because I find the fact that the defendant is youthful to be not particularly mitigating given his hideous record, I am going to impose the aggravated upper term of four years."  (RT 553.)

The Court notes at the outset that its review is limited to the trial judge's statement of reasons for the sentence.  <u>See</u> Cal. R. Ct. 4.420(e) ("The reasons for selecting the upper or lower term shall be stated orally on the record, and shall include a concise statement of the ultimate facts which the court deemed to constitute circumstances in aggravation or mitigation justifying the term selected.") (as written at time of sentencing; subsequently amended in 2007); Cal. Penal Code § 1170(b) ("The upper term may be imposed only when the circumstances alleged to be in aggravation of the crime are found to be true by the trial judge upon the evidence introduced at the hearing on the motion and any evidence previously heard by the judge at the trial,

and factual findings and reasons in support thereof are set forth on the record at the time of sentencing.") (as written at time of sentencing; subsequently amended in 2007).

Here, the trial court stated three reasons (aside from the "particularly vulnerable victim") for imposing an upper-term sentence on Count 2.  First, that the crime was done for the benefit of Petitioner's gang.  Second, that the crime was done for fun.  Third, that the Petitioner had a "hideous record."  (RT 553.)

First, with respect to the fact that Petitioner committed the crime for the benefit of his gang, California's sentencing laws at the time of the sentencing provided that "[a] sentencing court may not rely on the same fact to impose a sentence enhancement and the upper term." People v. Bowen, 11 Cal. App. 4th 102, 105, 14 Cal. Rptr. 2d 40 (1992) (citing Cal. Penal Code § 1170(b); Cal. R. Ct. 4.420(c).  Here, the trial court imposed a ten-year sentence with respect to a gang enhancement under Cal. Penal Code § 186.22.  It would therefore be impermissible for the trial court to rely on the same facts to justify an upper-term sentence on Count 2.

Second, to the extent that the trial court concluded that the Petitioner committed the crime "for fun," this factual conclusion is belied by the California Court of Appeal's conclusion that "[n]o reason existed to shoot at the[ victims] except as an act of intimidation." (Lodgment 6, at 18.)  A reasonable jury could conclude, as did the Court of Appeal, that Petitioner acted for gang-related reasons rather than personal ones.  The Court therefore has "grave doubts" that a jury would conclude beyond a reasonable doubt that an upper-term sentence is justified because Petitioner committed the crime "for fun."

Third, with respect to the fact that Petitioner had a "hideous record," it is clear from the trial court's transcript that the upper-term sentence was not based on Petitioner's criminal history.  The court stated that "I find the fact that the defendant is youthful to be not particularly mitigating given his hideous record."  Certainly, the trial court would have been justified in relying on the Petitioner's criminal record to impose an upper-term sentence.  See Cal. R. Ct. 4.421(b)(2) ("The defendant's prior convictions as an adult or sustained petitions in juvenile delinquency proceedings are numerous or of increasing seriousness.").  However, the trial court used Petitioner's criminal history as a basis for cancelling out the mitigating factor of Petitioner's youth; the trial court simply **did not** use the criminal history as a basis for imposing an upper-term sentence.

C.   **Summary of Upper-Term Sentence on Count 2**

The Court therefore concludes that the trial court's upper-term sentence on Count 2 was premised primarily on the "particularly vulnerable victim" aggravating factor, and the Court has "grave doubts" that a jury would agree with the trial court's conclusion on this point.  In addition, the trial court's three other apparent justifications for the upper-term sentence are an inadequate basis for concluding that the sentencing error was harmless.  Accordingly, the Petition for a Writ of Habeas Corpus must be granted, and the state court must resentence Petitioner with respect to Count 2 pursuant to the procedures outlined in People v. Sandoval, 41 Cal. 4th 825, 845-46, 62 Cal. Rptr. 3d 588, 161 P.3d 1146 (2007).  See Chioino v. Kernan, 581 F.3d 1182, 1186 (9th Cir. 2009) ("Once it found a Cunningham violation,

8

the district court should have remanded to the state trial court for

resentencing . . . under the procedures delineated in Sandoval.").

## II.  Upper-Term Sentence on Firearm Enhancement

The trial court imposed an upper-term sentence of ten years for the firearm enhancement on Count 2.  See Cal. Penal Code § 12022.5. The trial court stated that "the defendant sprayed this vehicle with bullets and hit it several times.  It's a miracle nobody was hurt or killed.  And again, I find that his youthfulness in light of his record is not a factor in mitigation."  (RT 553-54.)

Under Cal. R. Ct. 4.421(a)(1), the trial court may consider as an aggravating circumstance that "[t]he crime involved great violence, great bodily harm, threat of great bodily harm, or other acts disclosing a high degree of cruelty, viciousness, or callousness."  The caselaw is clear that the act of "fir[ing] a gun into a car full of people" satisfies this sentencing factor.  Castillo v. Clark, 610 F. Supp. 2d 1084, 1125 (C.D. Cal. 2009) (citing People v. Gutierrez, 10 Cal.App.4th 1729, 1736, 13 Cal.Rptr.2d 464 (1992)).

In light of this caselaw, the Court concurs with the Magistrate Judge's conclusion that the sentencing error with respect to the firearm enhancement was harmless.  As the Magistrate Judge explained, "no 'grave doubt' exists as to whether a jury would have found beyond a reasonable doubt that spraying a vehicle with bullets and hitting it several times involved a threat of great bodily harm to the victims, rendering it a miracle that no one was hurt or killed.  Accordingly, any error in failing to submit this fact to the jury was harmless." (R&R at 25.)

**III.  Summary and Conclusions**

In light of the foregoing, the Court concludes that the California courts unreasonably applied clearly established federal law, and the trial court's sentence with respect to the four-year upper-term sentence for Count 2 violated Petitioner's Sixth Amendment rights as described in <u>Cunningham v. California</u>, 549 U.S. 270 (2007).

IT IS HEREBY ORDERED that Judgment be entered denying and dismissing the Petition with prejudice with respect to all claims except the sentencing error claim regarding the four-year upper-term sentence on Count 2.

IT IS FURTHER ORDERED that a writ of habeas corpus shall be issued remanding the action to the state trial court for resentencing as to Count 2 (and only Count 2) in a manner consistent with the authorities discussed in this Order.

IT IS FURTHER ORDERED that the Clerk serve copies of this Order, the Magistrate Judge's Report and Recommendation and the Judgment herein on Petitioner and counsel for Respondent.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:    August 10, 2010

STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE